An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: DISCIPLINE OF LEONIDAS P. FLANGAS, ESQ., BAR NO. 5637.

No. 66580

FILED

DEC 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Leonidas Flangas. Under the agreement, Flangas admitted to violations of RPC 1.4 (communication) (24 counts); RPC 1.5 (fees) (23 counts); RPC 3.2 (expediting litigation) (1 count); RPC 3.4(c) (fairness to opposing party and counsel) (1 count); RPC 5.1 (responsibilities of partners, managers, and supervisory lawyers) (3 counts); RPC 5.3 (responsibilities regarding nonlawyer assistants) (23 counts); RPC 5.4 (professional independence of a lawyer) (3 counts); RPC 5.5 (unauthorized practice of law) (23 counts); RPC 7.1 (communication concerning a lawyer's services) (2 counts); and RPC 8.1 (bar admission & disciplinary matters) (18 counts).

The agreement provides for a two-year stayed suspension with a six-month actual suspension. Additionally, the following conditions are imposed: for two years starting on July 1, 2014, Flangas shall promptly comply with all requests for information from the State Bar, including providing copies of bank statements and case lists; during the same two-

14-41030

year period, Flangas shall not engage in any activity that results in public discipline, including a Letter of Reprimand; Flangas shall pay the actual costs of the disciplinary proceeding, excluding staff salaries, within 30 days of receipt of the bill of costs; Flangas shall pay restitution in the amount of $50,586.52 within two years of July 1, 2014, and shall open a bank account and begin making monthly payments in the amount of $2,107.77 per month towards this restitution and submit quarterly statements to the State Bar demonstrating compliance;[1] Flangas shall take an additional ten hours of continuing legal education, including five hours relating to law office management and five hours relating to attorney ethics.

In approving the conditional guilty plea agreement, the hearing panel considered aggravating and mitigating factors as agreed to within the plea agreement. The aggravating factors are: a pattern of misconduct, multiple offenses, vulnerability of the victim, and substantial experience in the practice of law. The mitigating factors are: absence of a prior disciplinary record, absence of a dishonest or selfish motive, substantial efforts provided on behalf of clients, timely good faith effort to make restitution or to rectify consequences of misconduct, and full and

---

[1]The restitution shall be paid as follows: Leonard and Doris Morris ($500), Sheraz Raja ($3,000), Charles Platt ($5,026.52), Cindy Silvagni ($1,500), Michael Fuller ($4,000), Elizabeth and Generoso Rodriguez ($3,560), Luke and Sherry Krebs ($1,500), Susan Mitchell ($4,000), Ronald and Margarite Stevens ($5,000), Mike Bluett ($1,000), Richard Altman ($4,500), Connie Conwell ($4,500), Fred Lewis ($500), Diane Moon ($2,000), Sandra Baise ($1,500), Emiliano and Martha Renteria ($1,500), Nicole Dawson ($1,500), William and Kathie Smith ($1,500), James and Dianna Newell ($2,500), and Barbara Durah ($1,500).

free disclosure to disciplinary authority or cooperative attitude toward proceeding. *See* SCR 102.5.

Based on our review of the record, we conclude that the guilty plea agreement should be approved with the clarification that the time periods for the suspension and all conditions commence on the date that this order is filed. *See* SCR 113(1). We hereby impose a two-year stayed suspension, with an actual immediate suspension of six months, commencing on the date this order is filed. Additionally, Flangas must comply with all of the conditions in the plea agreement, as outlined above, except that the time period for the requirements begin on the date this order is filed, rather than the stipulated date of July 1, 2014. The parties shall comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                          Hardesty

_____, J.          _____, J.
Parraguirre                                      Douglas

_____, J.          _____, J.
Cherry                                             Saitta

 

cc: David Clark, Bar Counsel
Flangas Dalacas Law Group, Inc.
Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Panel
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court